IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Andy Chung,** <br><br> Plaintiff, <br><br> v. <br><br> **Radio Station 107.5 FM,** *et al.*, <br><br> Defendants. | Case No.: 3:11-cv-01548-SI <br><br> **OPINION AND ORDER** |

**SIMON, District Judge.**

Plaintiff, Andy Chung ("Chung"), *pro se*, filed a Complaint against Defendants Radio Station 107.5 FM, Paul Allen, Timothy McNamara, Mike Adam, and "All the DJ employees from 2000-2008" (collectively, "Defendants"). Dkt. 2. Service of process has not yet occurred. The Court issued an Order to Show Cause why this case should not be dismissed for lack of diversity jurisdiction. Dkt. 14. Plaintiff timely responded. Dkt. 20. Plaintiff's response, however, is legally insufficient. Accordingly, for the reasons stated below, this case is dismissed without prejudice.

**BACKGROUND**

On December 27, 2011, Chung filed his Complaint in this action. Dkt. 2. In Section I of his form complaint, Chung lists his address as being in Salem, Oregon, and lists what appears to

be the work addresses of all Defendants in Portland, Oregon. In Section II, which asks the plaintiff to state the basis for federal court jurisdiction, Chung checks only the box for "Diversity of Citizenship."

In Section III, Chung provides his statement of claims. According to Chung, in approximately August 2000, he sent an email to Defendant Radio Station 107.5 FM (then known as "95.5 FM"), explaining that he was looking for "a girl named Jenny that I went to college with." Chung alleges that the radio station helped him find that person "through the airwaves." The radio station then suggested to Chung that he "sell them the movie right[s]," but Chung declined based on privacy concerns. The radio station's DJ then "started talking" about Chung on the air, referring to him by his Chinese nickname. According to Chung, the radio station invaded Chung's privacy and defamed, slandered, and harassed him.

Chung adds that the radio station caused him severe mental trauma. Chung alleges that he went to the hospital emergency room several times in 2002 because he "couldn't handle their spying and harassment on air." He further alleges that, in 2003, he was "charged for a bombing threat" because "the radio station harassment and spying drove me crazy that I had no legal help." Chung also alleges that in March 2008 he drove his car through the radio station's front door "while suffering from their harassment." Chung seeks "lost wages" from 2003-2008 in the amount of $3 million per day for five years plus an additional $3 billion for emotional distress, for a total claim of $8.475 billion. Dkt. 2.

In his response to the Court's Order to Show Cause, Chung essentially repeats the allegations that he stated in his complaint. Dkt. 20. According to Chung, "[a]ll this started from 1999 to 2000," when he sent an email to Radio Station 107.5 FM (then 95.5 FM). *Id.* He also

repeats that the Defendants owe him "a wage from 2003-2008." *Id.* Chung did not request leave to amend.

## STANDARDS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); see also *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640.

A court must liberally construe the allegations of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt. *Lopez*, 939 F.2d at 883. Under Fed. R. Civ. P. 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). This standard

"does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 U.S. at 570. When reviewing this complaint, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), citing *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon *de novo* review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.,* 316 F.3d 822, 828 n.6 (9th Cir. 2002), *citing Lee* v. *City of Los Angeles,* 250 F.3d 668, 692 (9th Cir. 2001).

## DISCUSSION

Several defects in Chung's complaint require *sua sponte* dismissal. Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside of a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and within the area of jurisdiction granted by Congress. *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*).

Chung checked only the box in the form Complaint that denotes jurisdiction based on diversity of citizenship. Diversity jurisdiction requires that all parties to an action be "citizens of

different states" and that the amount in controversy exceed $75,000. 28 USC § 1332(a). Chung, however, identifies the states of citizenship both for himself and for Defendants as Oregon. Thus, subject matter jurisdiction based on diversity of citizenship does not exist.

In addition, Chung appears to attempt to plead common law tort claims of invasion of privacy, defamation, slander, and harassment. His factual allegations, however, fail to state a cognizable claim under any of these theories. Further, even if he were to plead a cognizable claim, it would also appear that any such claim would be time-barred under applicable state law.

Chung also fails to plead any cognizable claim under any federal statute, which might otherwise afford him federal question jurisdiction. Because Chung has failed to plead a plausible claim sufficient to allow him to recover, including a plausible claim under a federal statute, this Court lacks subject matter jurisdiction over the complaint. In addition, it is clear that the Complaint could not be saved by amendment.

## CONCLUSION

The Complaint is dismissed without prejudice and without leave to amend. All pending motions are denied as moot.

**IT IS SO ORDERED.**

DATED this 25th day of February, 2013.

/s/ Michael H, Simon
Michael H. Simon
United States District Judge